IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36539-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTONIO ABONZA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Antonio Abonza appeals from a conviction for third degree rape, arguing that the court erred by denying his request to sever charges. We affirm the conviction and remand to strike the criminal filing fee from the judgment.

FACTS

The relevant facts are largely procedural, so only a brief description of the two incidents is necessary. The rape occurred April 14, 2018, when Abonza had sexual relations with a sleeping woman in her apartment and continued to force himself on her after she awoke and told him to stop. He also was charged with first degree criminal trespass at the same location 18 days later for entering the apartment in the middle of the night. The two matters were joined for trial.

Mr. Abonza moved to sever the counts prior to trial, arguing that it was unduly prejudicial to try them together. At the conclusion of the pretrial hearing, the court denied the motion. On the morning of the first day of the jury trial, the defense renewed the motion to sever. The court again denied the request.[1]

Mr. Abonza then pleaded guilty to the criminal trespass charge. The State sought clarification of the admissibility of the trespass incident under ER 404(b). The trial court ruled that the evidence was admissible for limited purposes.[2] The matter then proceeded to jury trial. The victim primarily testified about the rape incident and only briefly about the subsequent trespass. The victim's two roommates testified concerning the trespass. Mr. Abonza testified in his own behalf that the couple engaged in consensual sexual relations until she stated that it was uncomfortable and he stopped. He also said that he came to the house on May 2 because he needed to talk to the victim after learning she was upset about their previous encounter.

The jury convicted Mr. Abonza of third degree rape. After vacating the original sentence, the court imposed concurrent 12 month terms on the two counts at a resentencing. Mr. Abonza timely appealed to this court. A panel considered his appeal without conducting argument.

---

[1] The court entered written findings concerning the severance hearing following trial.

[2] The court also gave a written limiting instruction to the jury.

ANALYSIS

This appeal challenges the severance rulings and the imposition of the $200 criminal filing fee at sentencing. The State concedes error on the filing fee and we accept the concession. The trial court may not impose discretionary LFOs on indigent defendants. *State v. Ramirez*, 191 Wn.2d 732, 750, 426 P.3d 714 (2018). Accordingly, we remand for the court to strike the filing fee.

The severance issue is before us in a strange posture. Mr. Abonza preserved the severance issue by renewing it at the beginning of trial. CrR 4.4(a)(2).[3] However, Mr. Abonza created a *de facto* severance by pleading guilty to the trespass charge. Typically, we review a decision whether to sever charges for abuse of discretion. *State v. Kalakosky*, 121 Wn.2d 525, 536, 852 P.2d 1064 (1993). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

It is the defendant's burden to establish abuse of discretion by showing that "a trial involving both counts would be so manifestly prejudicial as to outweigh the concern for judicial economy." *State v. Bythrow*, 114 Wn.2d 713, 718, 790 P.2d 154 (1990). Factors to be considered when analyzing a motion to sever include (1) whether the defendant was

---

[3] "If a defendant's pretrial motion for severance was overruled he may renew the motion on the same ground before or at the close of all the evidence. Severance is waived by failure to renew the motion." CrR4.4(a)(2).

confounded in presenting separate defenses, (2) whether the jury might infer a criminal disposition from the two offenses, and (3) whether the jury might cumulate evidence to find guilt where it would otherwise not. *Id*. The remedy for improper joinder of offenses is reversal for a new separate trial with the offenses severed. *E.g.*, *State v. Bluford*, 188 Wn.2d 298, 316, 393 P.3d 1219 (2017).

It is the remedy issue that is the sticking point in this case. Assuming that Mr. Abonza showed that the court erred by denying his motion, the remedy would be a retrial of the rape charge without the trespass charge. But he already received that remedy. The two charges were not tried together due to his guilty plea on the gross misdemeanor offense. He already has received the remedy he seeks in this appeal.

In actuality, his challenge should be directed to the evidence concerning the trespassing incident used at the rape trial. The prosecutor properly noted that the evidence presented an issue governed by ER 404(b) and obtained a pre-trial ruling admitting the evidence. The defense does not assign error to that ruling, nor directly challenge it on appeal except as a component of the severance challenge. Instead, he treats an evidentiary issue as if it were a severance problem.

In light of the fact that the two charges were not tried together, Mr. Abonza cannot show that he was prejudiced by the court's severance rulings. Having already obtained the remedy he would have obtained if the court had agreed with his severance motions, he simply was not harmed.

No. 36539-5-III
*State v. Abonza*

The conviction is affirmed and the case remanded to strike the filing fee.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, C.J.

_____
Siddoway, J.